IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| *EX PARTE* FREDERICK HERROD,<br><br>Petitioner. | § § § § § § § § § § § § § Civil Case No. 5:22-CV-100-RWS-JBB |

### ORDER

Petitioner Frederick Herrod, proceeding *pro se*, filed the above-styled and numbered civil action with his "Motion to Use (Invoke) the 'Judicial Power' of Article 3, [Section] 2, [Clause] 1 of the [United States] Constitution Extending to All Cases in Law and Equity Arising Under the Constitution and Laws of the United States. 'Emergency Motion.' " Docket No. 1. The Magistrate Judge has issued a report recommending that Herrod's motion be denied and that the case be dismissed with prejudice. Docket No. 8. Petitioner filed objections where he "agree[d] with the [M]agistrate [J]udge because he is correct" but objected because Petitioner "has superseded amended his petition/complaint." Docket No. 11 at 1.

After conducting a *de novo* review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). The court must conduct a *de novo* review of any portion to which any party files an objection. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). However, any portion that is not objected to is reviewed for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole." *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006) (citations omitted).

In his original motion, Petitioner specified that his case was "not to be construed as any statutory congressional post-conviction remedy," but that his petition was "a motion requesting the use of the judicial power of an individual [Article III] judge." Docket No. 1 at 1. He specifically said

that his motion is not to be construed as an application for the writ of habeas corpus, explaining that the denial of his previous petitions amounts to "cyclical abuse of the writ of habeas corpus" in violation of the Suspension Clause. *Id.* at 5. He then asked that "he be allowed to use an individual judges [sic] article 3 judicial power that is inherent authority distinct from article 3 of the [United States] Constitution." *Id.* at 6.

After review of the pleadings, the Magistrate Judge issued a report recommending that the petition for relief be denied. Docket No. 8. The Magistrate Judge explained that habeas corpus is the sole available remedy for challenges to the length or validity of confinement, but Petitioner seeks to avoid this authority by postulating a hypothetical "inherent judicial power" which is separate and apart from federal statutes or applicable rules. *Id.* at 5–6. The Magistrate Judge determined that while federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or Congress, this does not include the power to develop rules which circumvent or conflict with the Federal Rules of civil or criminal procedure. *Id.* The Magistrate Judge also explained that the Court lacked inherent power to set aside Petitioner's sentence outside of the framework created by 28 U.S.C. § 2241–2254. *Id.* at 6. And he observed that "[t]he fact that Congress has implemented restrictions upon the filing of successive habeas corpus petitions does not violate the Suspension Clause," nor do other procedural limitations placed by Congress upon such petitions. *Id.* (citations omitted). Because the Court's inherent powers do not encompass the remedy which Petitioner seeks, the Magistrate Judge recommended that the case be dismissed.

Because Petitioner acknowledged that the Magistrate Judge's report was correct in his objections, the Court will focus on the Petitioner's amended petition. *See generally* Docket No. 10. In his amended complaint, Petitioner states that he wishes to change the caption of his petition from "motion to invoke the judicial power" to "civil rights complaint pursuant to 28 U.S.C. § 1331." Docket No. 10 at 1. He again says that his petition is not an application for habeas corpus, but that Congress has enacted "statutory habeas substitutes that have caused [him] to be in immediate danger and also sustain a direct injury as a result of the actions after [he] has shows a probable ground that he has been imprisoned without just cause." *Id.* at 2. He then states that

procedural barriers allowed by Congress prevent him from exercising his affirmative right to a judicial inquiry into the cause of his detention. *Id.* at 2–3. He refers to the Suspension Clause and says that if a modification of the pre-conditions for habeas relief affect the privilege of an affirmative right to inquiry into the cause of detention, then it "unambiguously causes the petitioner to be in immediate danger and cause direct injury." *Id.* at 3.

After an extensive discussion of what Petitioner believes the Framers intended with the writ of habeas corpus, Petitioner states that he can "easily point to a 'modification of the preconditions for statutory habeas relief'" affecting the "guarantee of an affirmative right of judicial inquiry into the cause of detention." *Id.* at 4. He points to the order from the Fifth Circuit denying him leave to file a second or successive petition for the writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 1. And he states that 28 U.S.C. § 2244(b)(2), which sets out the criteria for successive petitions, restricts such petitions to (1) claims which rely on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, which was previously unavailable, or (2) claims in which the factual predicate could not have been previously discovered through the exercise of due diligence, and the underlying facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. *Id.* at 5. Petitioner argues that both of these subsections violate his substantial constitutional rights because the Suspension Clause "protects the rights of the detained by affirming the duty and authority of the judiciary to call the jailer to account." *Id.* In this case, however, Petitioner maintains that the Fifth Circuit chose not to proceed and "call the jailer to account" and instead used a procedural barrier to deny him relief. *Id.* He asks that this Court rule on his case by the pleadings, find that his claims have merit, and award him the writ of habeas corpus. *Id.* at 5–7.

The Supreme Court has held that the successive petition requirements of 28 U.S.C. § 2254 do not violate the Suspension Clause. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). In so holding, the Supreme Court observed that judgments about the proper scope of habeas corpus are normally for Congress to make and the power to award the writ by the courts of the United States is given

by written law. *Id.* Thus, Petitioner's assertion that the statutory restrictions upon successive petitions violate the Suspension Clause is without merit.

The federal courts do have certain inherent powers, including but not limited to the power to control admissions to its bar and discipline attorneys who appear before it as well as the power to punish for contempt, to correct fraud on the court, to control the courtroom, to dismiss for forum non conveniens, and to *sua sponte* dismiss for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 561-64 (3rd Cir. 1985). These powers are necessary to control and direct the conduct of litigation and are exercised without any express authorization in a constitution, statute, or written order of court. However, the Supreme Court has recognized that because Congress created the federal district and circuit courts, it may statutorily limit their inherent powers, so long as such limitations are clearly reflected by statute. *Chambers*, 501 U.S. at 47. In this case, Congress has specifically limited the courts' inherent power to hear second or successive petitions for collateral relief. *Felker*, 518 U.S. at 664; *United States v. Springer*, 875 F.3d 968, 980 (10th Cir. 2017). Petitioner's request for relief through the Court's inherent power is, therefore, without merit.

In his amended petition, Petitioner states that he wishes to recharacterize his petition as a civil rights complaint under 28 U.S.C. § 1331. In his "motion for additional relief" (Docket No. 12), however, Petitioner states that if his amendment is granted and his claim has merit, he asks that his complaint be construed as a habeas corpus petition under 28 U.S.C. § 2241 and that he be awarded the writ of habeas corpus.

Persons in custody under the judgment of a state court, such as Petitioner, may challenge their convictions only through a petition for the writ of habeas corpus under 28 U.S.C. § 2254. *Felker*, 518 U.S. at 662 (noting that Section 2254 specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (explaining that Section 2241 concerns the general power to grant habeas corpus petitions, while Section 2254 applies to persons in custody pursuant to the judgment of a state court). The courts have held that prisoners cannot evade the procedural rules governing Section 2254 petitions by the simple expedient of claiming that their petitions are

brought under Section 2241 instead. *Gaines v. Dretke*, Case No. 3:06-cv-778, 2002 WL 2728826 (N.D.Tex., Sep. 22, 2006). Thus, Petitioner's claim is without merit.

Similarly, Petitioner cannot evade the procedural rules attendant to Section 2254 petitions or Section 2255 motions to vacate sentence (including the rules concerning successive petitions) by claiming to be seeking relief under Section 2241. Petitioner has not shown that he has received permission from the Fifth Circuit to file a successive habeas corpus petition, and so his complaint cannot be construed as a habeas corpus petition. To the extent Petitioner styles his complaint as a civil rights lawsuit, his claim lacks merit because he seeks release from prison; however, he cannot obtain such release through the vehicle of a civil rights lawsuit, but only through habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998).

Petitioner has also filed a "Motion to Clerks and Judges to Effectuate Rule CV-7(l)" and a "Second Motion for Additional Relief Requested For Superseding Amendment." Docket Nos. 13 and 14. The motion to effectuate Rule CV-7(l) says that his case is *ex parte* and so the response will not be from a defendant; instead, he says that he "needs a response from the Court" in less than 14 days. Docket No. 13. Local Rule CV-7(l) provides that emergency motions are those necessary to avoid immediate, irreparable harm, and explains the procedure for filing such motions. Petitioner has not shown that he is facing immediate, irreparable harm and his suggestion that the Court must respond to his petition within 14 days lacks merit.

Petitioner's second motion for additional relief asks that, if the Court construes his filing as a petition under 28 U.S.C. § 2241, the writ be awarded. Docket No. 14. He argues that if the Court finds that there is not enough information about the facts surrounding the cause of his detention, the Court must issue a show cause order to Petitioner's custodian. *Id.* However, Petitioner states that if the judge "conducts a discovery on his own" to view documents concerning Petitioner's detention, this could save additional delay. *Id.* Alternatively, he asks for leave to file an amended petition under 28 U.S.C. § 2241 without procedural barriers. *Id.* Petitioner's suggestion that the Court should conduct *sua sponte* discovery lacks merit. And his request to file a habeas petition "without procedural barriers" appears to be an attempt to circumvent statutory requirements set out in the Anti-Terrorism and Effective Death Penalty Act of 1996. This motion,

therefore, lacks merit.

Finally, the Court has reviewed Petitioner's Motion for Judicial Notice. Docket No. 16. This motion requests that the Court "scrutinize all of the proposed amendments" and clarifies "that the superseding amended petition/complaint [(Docket No. 10)] was to supersede" Docket Nos. 1, 3, 5, 6, 7. *Id.* at 1. Petitioner also states that "alot [sic] of suspension claims fail because the petitioner's [sic] argue a 'suspension' of the writ instead of the 'privilege' of writ," and he asks the Court "to pay close attention" to his arguments. *Id.* Having closely reviewed Petitioner's arguments, as explained above, the Court find that none have merit.

The Court has carefully reviewed Petitioner's amended complaint and motion to supplement the relief portion of the amended complaint. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and the claims raised in the Petitioner's original and amended complaints are without merit. It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Docket No. 8) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit shall not affect Petitioner's right to challenge his conviction through any lawful means. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 10th day of January, 2023.**

*Robert W Schroeder III* (signature)
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE